UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POTTS,<br><br>Petitioner,<br><br>v.<br><br>A. MATEVOUSIAN,<br><br>Respondent. | Case No. 1:15-cv-00341-AWI-BAM HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF SECOND OR SUCCESSIVE PETITION**<br><br>**(Doc. 14)** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that he is actually innocent and entitled to relief under *Burrage v. United States*, 134 S.Ct. 881 (2014). Respondent moves to dismiss, arguing that *Burrage*, which interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), does not apply to Petitioner, who was convicted under 21 U.S.C. § 848(e)(1)(A). Having fully reviewed the party's arguments and the record as a whole, the undersigned recommends that the Court dismiss the petition, which is barred as second or successive under 28 U.S.C. § 2255.

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).

///

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Here, Petitioner filed a prior petition. On January 30, 2015, the U.S. Court of Appeals for the Third Circuit denied Petitioner's application pursuant to 28 U.S.C. §§ 224 and 2255 to file a second or successive motion under 28 U.S.C. § 2255. *See* Doc. 17 at 1. The Third Circuit ordered:

> The foregoing application for permission to file a second or successive motion under 28 U.S.C. § 2255 is denied. Among other reasons, Potts has not made a prima facie showing that his claim under *Burrage v. United States*, 134 S.Ct. 881 (2014), is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]" 28 U.S.C. § 2255(h)(2) and § 2244(b)(3). *Burrage* involved an issue of statutory interpretation and did not announce a rule of constitutional law. *See In re Dorsainvil,* 119 F.3d 245, 247-48 (3d Cir. 1997).

Doc. 17 at 1.

"The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). Petitioner may not circumvent applicable law by filing a § 2241 petition in another jurisdiction.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B)  the final order in a proceeding under section 2255.
>
>   (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate

"something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

## **Conclusion and Recommendation**

Accordingly, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 3, 2015**            /s/ *Barbara A. McAuliffe*            
                                                               UNITED STATES MAGISTRATE JUDGE