# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POTTS,<br><br>        Petitioner,<br><br>    v.<br><br>A. MATEVOUSIAN,<br><br>        Respondent. | Case No. 1:15-cv-00341-AWI-BAM HC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF SECOND OR SUCCESSIVE PETITION**<br><br>**(Docs. 14 and 18)** |

    On March 6, 2015, Petitioner, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he contended that he is actually innocent and entitled to relief under *Burrage v. United States*, 134 S.Ct. 881 (2014). On June 5, 2015, Respondent moved to dismiss, arguing that *Burrage*, which interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), does not apply to Petitioner, who was convicted under 21 U.S.C. § 848(e)(1)(A).

    The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. On November 3, 2015, the Magistrate Judge filed findings and recommendations in which she found that the Third Circuit U.S. Court of Appeals had denied Petitioner's application pursuant to 28 U.S.C. §§ 2241 and 2255 to file a second or successive petition asserting the same claims. Noting that Petitioner cannot circumvent the Third Circuit's order by filing a § 2241 petition in another jurisdiction, the Magistrate Judge recommended that the Court dismiss the petition for lack of jurisdiction. The Magistrate Judge

also recommended that the Court decline to issue a certificate of appealability.

The Clerk of Court served Petitioner with the findings and recommendations, which provided that Petitioner could object within thirty days. Petitioner filed objections on November 16, 2015, contending that despite the Third Circuit order, he was nonetheless entitled to file a § 2241 petition in this Court asserting actual innocence under *Burrage*. Petitioner's attempt to fall within the escape hatch of § 2255(e) is not aided by *Burrage*. In order for a federal prisoner authorized to seek relief under § 2255 to be permitted to seek relief under § 2241, he must show that a motion under § 2255 would be "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). This exception is very narrow and applies only where a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. *Ivy v. Pontesso*, 328 F.3d 1057, 1060-1061 (9th Cir. 2003). Petitioner fails in showing actual innocence. As the government correctly points out, *Burrage* dealt with the penalty enhancement applied where death or serious bodily injury results from use of an unlawfully distributed controlled substance. *Burrage*, 134 S.Ct. at 891; *see* 21 U.S.C. 841(b)(1). The high court explained that in order for the death to "result[] from the use" of the controlled substance within the meaning of the enhancement, the but-for cause of the death must be the controlled substance that the defendant unlawfully distributed. *Id*.

*Burrage* is dramatically different from the case before this Court. Here, Petitioner was found to have committed an intentional killing while engaging in a drug offense. The same causal relationship that the *Burrage* court required of offenses under §841(b) is not required by the language of §848(e)(1)(A). All that is required is that a defendant "engaging in a[ drug offense] who intentionally kills … an individual …." 21 U.S.C. § 848(e)(1)(a). Petitioner's allegation that the motive for the killing was not drug related is a far cry from showing actual innocence; he has not shown that he did not engage in a drug offense or that a killing did not occur during its commission. This Court will not extend *Burrage* to the case at bar.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has considered the record as a whole, including the petition for habeas corpus and the findings and recommendations. Following careful review, the Court finds the findings and recommendations to

be supported by the factual record and proper legal analysis.

Accordingly, the Court hereby ORDERS that the findings and recommendations, filed November 3, 2015, is adopted in full.  The petition is dismissed for lack of jurisdiction, and the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 29, 2015                                 _____
                                                            SENIOR  DISTRICT  JUDGE