# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POTTS,<br><br>　　　　Petitioner,<br><br>　v.<br><br><br>A. MATEVOUSIAN,<br><br>　　　　Respondent. | Case No.  1:15-cv-00341-AWI-BAM  HC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**(Docs. 20 and 22)** |

On January 20, 2015, Petitioner moved to alter or amend the Court's order adopting findings and recommendations (Doc. 20) under F.R.Civ.P. 59(e).  He contends (1) the Court erroneously referred to the Third Circuit Court of Appeals as having denied his application to file a second or successive petition under 28 U.S.C. §§ 2241 and 2255 instead of §§ 2244 and 2255, and (2) the Court made a clear error of law in refusing to find that he was actually innocent pursuant to the holding in *Burrage v. United States*, 134 S.Ct. 881 (2014).  Petitioner is correct that the Court's order contained a typographical error. This order will correct the typographical error but the Court declines Petitioner's request that it find him actually innocent under *Burrage*.

Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), *quoting* 12 James Wm. Moore, Moore's

1    Federal Practice § 59.30[4] (3d ed. 2000).  "[A] motion for reconsideration should not be granted,
2    absent highly unusual circumstances, unless the district court is presented with newly discovered
3    evidence, committed clear error, or if there is an intervening change in controlling law." *Kona*
4    *Enterprises*, 229 F.3d at 890, *quoting 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th
5    Cir. 1999).  "[A] motion for reconsideration is properly denied when the movant fails to establish
6    any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).  Using a
7    reconsideration motion to reargue the points that the judge rejected in the original order is
8    improper.  *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892,
9    899 (9th Cir. 2001).  A party cannot have relief merely because he or she is unhappy with the
10   judgment.  *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001).

11          In this case, Petitioner does no more than repeat his earlier argument, advanced in
12   multiple documents filed before this Court and the Third Circuit Court of Appeals, that he is
13   actually innocent under the *Burrage* holding.  In the order adopting the findings and
14   recommendations, the Court fully articulated its reasons for rejecting this argument.

15          In any event, the Court adopted the findings and recommendations, which recommended
16   that the Court dismiss the petition due to Petitioner's prior unsuccessful attempt to pursue a
17   second or successive motion to bring a § 2255 petition in the Third Circuit and did not address
18   *Burrage*.  *See* Doc. 17.  That alternative holding is an additional basis for this Court to deny
19   reconsideration. "The grant or denial of an authorization by a court of appeals to file a second or
20   successive application shall not be appealable and shall not be the subject of a petition for
21   rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).  Petitioner may not circumvent
22   applicable law by filing a § 2241 petition raising the issue already addressed by the Third Circuit
23   in this Court.

24
25
26   ///
27   ///
28   ///

Accordingly, the Court hereby ORDERS that:

1. The Court's reference to "§ 2241" in Line 25 of the Order Adopting Findings and Recommendations dated December 30, 2015, and filed as Document 20 is stricken and replaced with "§ 2244"; and

2. In all other regards, Petitioner's motion to alter or amend the Order Adopting Findings and Recommendations dated December 30, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   February 10, 2016

SENIOR DISTRICT JUDGE